UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI AGUILERA,<br><br>             Plaintiff,<br><br>      v.<br><br>KIM BIGHAM,<br><br>             Defendant. | No. 2:15-cv-1781-KJM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7) and plaintiff's several motions which include a motion for default judgment (ECF No. 24), motion for judgment on the pleadings (ECF No. 38), multiple motions for summary judgment (ECF Nos. 35, 42, 51); motion to introduce evidence (ECF No. 48); and motion for injunctive relief (ECF No. 56).[1] For the following reasons, defendant's motion to dismiss must be granted, and plaintiff's several motions denied.[2]

I.      Plaintiff's Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] The court has determined that oral argument would not materially assist in the resolution of the pending motions and the matters were ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

shown by affidavit or otherwise, the clerk must enter the party's default." Entry of default against a defendant cuts off that defendant's right to appear in the action or to present evidence. *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927).

Here, the clerk of court did not enter defendant's default, and therefore defendant was not in default at the time she filed her motion to dismiss. Further, the court cannot enter default once the defendant has filed her responsive pleading. *See Horton v. Sierra Conservation Ctr.*, 2010 WL 743849, at *1 (E.D. Cal. Mar. 1, 2010) (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002)); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (no default can be entered if defendant has filed a response indicating its intent to defend the action).

As defendant has filed a responsive pleading, plaintiff's motion for default judgment must be denied.

II.     Defendant's Motion to Dismiss

Defendant moves to dismiss all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. As explained below, plaintiff's complaint fails to allege sufficient factual allegations to state a claim for relief and must therefore be dismissed.

  A.     Factual Background

Plaintiff Eli Aguilera obtained a loan from Stearns Lending, Inc. ("Stearns") to purchase real property located at 672 Ware Court, Benicia, California 94510 (the "property"). Def.'s Request for Judicial Notice, Ex. 1 (ECF No. 8-1);[3] Compl. (ECF No. 1) ¶ 7. Plaintiff refers to this loan throughout the complaint as "loan number: 0005275615, for property at 672 Ware Court, Benicia, California." *Id.* Although the complaint is far from clear, apparently the loan went into default and plaintiff disputes whether any amount remained owing on the loan. For reasons not fully explained in the complaint, plaintiff sues defendant Kim Bigham, who is the Senior Vice President and Loan Administration Servicing Manager for LoanCare, LLC, the entity

---

[3] The court grants defendant's request to take judicial of a deed of trust recorded in the Solano County Recorder's Office. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, a court "may take judicial notice of matters of public record outside the pleadings); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

that services the loan on behalf of Stearns. ECF No. 1 ¶ 2; ECF No. 11 at 9.[4] As discussed below, the underlying premise of plaintiff's claims against Bigham is that plaintiff sent Bigham correspondence (characterized by plaintiff as notices) which somehow imposed contractual obligations on Bigham and that subsequent efforts to collect on the loan or foreclose on the property breached those obligations. ECF No. 1, ¶ 12. According to plaintiff the "notice" to Bigham "was a binding, self-executing contract between I the Claimant and Defendant." *Id.*, ¶ 12.

Therefore, the complaint alleges, the loan obligation is "fraudulent" and that defendant is attempting to take plaintiff's property by creating counterfeit documents. *Id.* ¶¶ 7, 8. Plaintiff claims that he no longer owes any amount due on the loan and that any security interest in the property was "irrevocably conveyed to" him. *Id.* at 4-6.[5] Plaintiff contends that the debt and security interest in the property were extinguished by defendant's breach of a contract. *Id.*

The alleged contractual relationship purportedly arose out of three separate documents that plaintiff sent to defendant. *Id.* The first document demanded that defendant validate the debt within 21 days and cease all collection efforts until "validation of the purported debt . . . ." ECF No. 11 at 16-20. The second document, which claims to be a "Notice of Fault in Dishonor," states that defendant failed to timely respond to the initial correspondence and therefore plaintiff "now deems the instrument(s) have been Dishonored." *Id.* at 23. The document further provides that defendant has three additional days to respond, and that a failure to respond will result in a concession that the balance due on the loan is $0.00, any security interest in the property "is irrevocably conveyed to" plaintiff, and that defendant waives "any and all claims, rights, immunities and defenses." *Id.* The last document purports to notify defendant that she failed to

/////

---

[4] The complaint is silent as to LoanCare's relation to the loan. However, documents plaintiff submitted in opposition to the motion indicate that LoanCare is the servicer of the loan. *See* ECF No. 11 at 9.

[5] Page numbers cited herein refer to the page numbers assigned by the court's case management and electronic case filing system (CM/ECF) and not those assigned by the parties.

1  timely respond to the prior documents and as a result she "acquiesces to the terms and conditions
2  stipulated in the Notice of Fault in Dishonor." *Id*. at 33.

3      Plaintiff contends that these "formally executed instruments" constituted a "binding, self-
4  executing contract between" plaintiff and defendant. ECF No. 1 ¶ 12. He further claims that
5  defendant breached the terms of contract by failing "to provide full reconveyance of said
6  property." *Id*. ¶ 3. He also alleges that defendant uttered "counterfeit obligations or securities,"
7  engaged in mail fraud, and violated his constitutional rights by "threatening to invade and
8  forcefully" take his property. *Id*. ¶¶ 7-8.

9      B.    Rule 12(b)(6) Standard

10      To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint
11  must contain more than a "formulaic recitation of the elements of a cause of action"; it must
12  contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*
13  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . .
14  . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of
15  action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-
16  236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to
17  'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
18  (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual
19  content that allows the court to draw the reasonable inference that the defendant is liable for the
20  misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal
21  theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v.*
22  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

23      In considering a motion to dismiss, the court must accept as true the allegations of the
24  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe
25  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in
26  the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869
27  (1969). The court will "presume that general allegations embrace those specific facts that are
28  /////

necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

C.    Discussion

Plaintiff lists on the caption page of the complaint claims for: (1) breach of contract; (2) invading personal liberty; (3) invading personal security; (4) invading pursuit of happiness; (5) violation of the United States Constitution; (6) and violation of federal law. ECF No. 1 at 1. Defendant's motion to dismiss argues that plaintiff has failed to allege facts to state any claim for relief.

Defendant first argues that there is no contractual relationship between the parties and therefore plaintiff cannot state a claim for breach of contract. ECF No. 7 at 5. Indeed, plaintiff's

allegations fail to establish the most fundamental elements of a contract; i.e. that there has been an offer and acceptance with objective manifestations by the parties of an intent to be bound. Plaintiff's entire complaint is predicated on defendant's alleged breach of "formally executed instruments" that constituted "a binding, self-executing contract." ECF No. 1 ¶ 12. To state a claim for breach of contract under California law, plaintiff must allege (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach of the contract; and (4) damages flowing from the breach. *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). To establish the existence of a valid contract the plaintiff must allege: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration. *United States ex rel. Oliver v. Parsons Co.,* 195 F.3d 457, 462 (9th Cir. 1999) (citing Cal. Civ. Code § 1550; *Marshall & Co. v. Weisel,* 242 Cal. App. 2d 191, 196 (1966)).

Here, plaintiff fails to allege that defendant consented to the purported contract. Plaintiff describes the contract as self-executing and alleges that defendant's failure to respond to the "formally executed instruments" constituted "Acquiescence, Agreement, and Dishonor." However, it is well established that "[a]n offer made to another, either orally or in writing, cannot be turned into an agreement because the person to whom it is made or sent makes no reply, even though the offer states that silence will be taken as consent . . . ." *Wold v. League of Cross of Archdiocese of San Francisco,* 114 Cal. App. 474, 480 (1931). Silence or a failure to act may constitute acceptance only "where circumstances or the previous course of dealing between the parties places the offeree under a duty to act or be bound." *Circuit City Stores, Inc. v. Najd,* 294 F.3d 1104, 1109 (9th Cir. 2002) (quoting *Beatty Safeway Scaffold, Inc. v. Skrable*, 180 Cal. App. 2d 650, 655 (1960). The complaint does not allege any previous relationship between plaintiff and defendant, nor does it allege any special circumstances that would allow defendant's alleged failure act to serve as acceptance of an offer. Thus, plaintiff has failed to allege consent to the alleged contract.

Moreover, plaintiff also fails to allege sufficient consideration. "A contract is supported by sufficient consideration if there is some benefit to the promisor or detriment to the promisee." *VasoNova, Inc. v. Grunwald*, 2012 WL 6161041, at *5 (N.D. Cal. Dec. 11, 2012) (quoting

*Sandrini v. Branch*, 32 Cal. App. 2d 707, 709 (1939)). Under the terms of the purported contract, plaintiff was not required to perform any act in exchange for defendant's performance. Instead, plaintiff simply demanded that defendant verify his debt and concluded that her failure to do so resulted in the plaintiff being released from his obligation to repay his debt and the removal of any security interest in the property. Thus, plaintiff has failed to allege sufficient consideration. Accordingly, plaintiff has failed to allege a claim for breach of contract.

The complaint also alleges claims for violation of plaintiff's constitutional rights, the Contract Clause of the United States Constitution, and 18 U.S.C. §§ 472 and 1341. *See generally* ECF No. 1. Plaintiff, however, cannot maintain a claim under 42 U.S.C. § 1983 for violation of constitutional rights against defendant, who is not a state actor. ECF No. 1 ¶ 2; *see West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a section 1983 claim, plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law).

Plaintiff also cannot assert a claim for violation of the Contract Clause, which prohibits states from impairing contracts and, by its own terms, does not apply to private parties. *See* Art. I, § 10, cl.1 ("No State shall . . . pass any . . . Law impairing the obligation of Contracts."). Lastly, the criminal statutes cited by plaintiff, 18 U.S.C. §§ 472 and 1341, do not provide a private right of action. *See Theus v. Ally Financial, Inc.*, 98 F. Supp. 3d 41, 46 (D.D.C. 2015) (holding section 472 is a criminal provision that does not include a private right of action); *Aguirre v. Cal-W. Reconveyance Corp.*, 2012 WL 273753, at *10 (C.D. Cal. Jan. 30, 2012) (holding section 1341 is a criminal statute that does not provide a private right of action); *Schneider v. Bank of Am. N.A.*, 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012) (holding that bank fraud, wire fraud, and mail fraud are criminal statutes with no private right of action).

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted and must therefore be dismissed. Further, it is clear that the complaint's deficiencies cannot be cured by amendment. As discussed above, plaintiff complaint is predicated on defendant's alleged breach of contract. However, the purported contract instrument, which plaintiff submitted in support of his opposition to the motion to dismiss, conclusively establishes that acceptance and

consideration are lacking and therefore there is no valid contract between the parties. Accordingly, the dismissal should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

III.  Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 24) be denied;

2. Defendant's motion to dismiss (ECF No. 7) be granted and plaintiff's complaint be dismissed without leave to amend; and

3. All other motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 30, 2016.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE